(No. 4356—)

Opal Fox, Claimant, vs. State of Illinois, Respondent.

Opinion filed July 6, 1951.

Lewis and Lewis, Attorneys for Claimant.

Ivan A. Elliott, Attorney General; Charles H. Evans, Assistant Attorney General, for Respondent.

Delaney, J.

This is a claim against the respondent, the State of Illinois, for personal injuries sustained in a fall in the offices of the Division of Unemployment Compensation, Department of Labor, in the City of West Frankfort, County of Franklin and State of Illinois.

The complaint alleges that the floor was so highly waxed by respondent as to be extremely slippery; that the floor was of a dark color, and, as a result, a person in the exercise of ordinary care and prudence could not observe that the floor was uneven with dents and ridges. Claimant sustained a fracture of her right ankle when she fell on the floor in question.

The record consists of the complaint, motion to strike, transcript of evidence, claimant's brief and argument, and respondent's statement, brief and argument.

After her injury, claimant was treated by Dr. T. W. Tweedy in Royalton, Illinois. As a result of the accident, the claimant lost 13 weeks employment at $35.00 per week, or the sum of $455.00, and also expended the sum of $72.50 for doctor, hospital and incidentals, or a total of $527.50. The record does not indicate any permanent injury to claimant's ankle.

The cases of *Carrano* vs. *State*, 18 C.C.R. 30, and *Mack* vs. *Woman's Club of Aurora*, 303 Ill. App. 217, have been cited. In the Carrano case, this Court referred to the case of the Woman's Club of Aurora where the plaintiff while attending a meeting in the club room, in the City of Aurora, slipped and fell on a waxed floor, thereby sustaining a broken hip. She instituted a suit for damages, claiming that the defendant was negligent in having the floor waxed, which thus rendered it dangerous and unsafe. The case was tried by a jury, which returned a verdict in favor of the plaintiff for $3,500.00.

In reversing the judgment, the Appellate Court held that the waxing of floors is a common practice, and too well known a custom to be considered negligence in the absence of evidence tending to prove some positive negligent act or omission on the part of the owner of the premises. Under such circumstances, the Court held that she must be held to have assumed any risks involved in her walking upon the floor, which were within themselves an incident to such act. There appears to have been no hidden danger.

From the record in this case it appears that Mr. Max Chamberlain, the only witness used by respondent on cross examination, admitted that the floor was slightly uneven, that there were slight indentures, and that the contour was slightly wavy.

The Court feels that claimant has proven positive negligent acts or omissions on the part of the respondent, which were the proximate cause of the accident.

An award is, therefore, entered in favor of the claimant, Opal Fox, in the sum of $527.50.