(No. 4351-)

HARRY WHITNEY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 7, 1951.*

DIRECTOR, LIEBENSON AND SHEPPARD, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Harry Whitney, seeks to recover from respondent for its alleged negligence.

On October 18, 1949, the Division of Unemployment Compensation of the Department of Labor had an office at 862 East 63rd Street, Chicago, Illinois. Such office was leased from the LaSalle National Bank as Trustee in Trust No. 11135. Lessor under the terms of the lease provided all janitor and maintenance service for the space occupied by respondent's office.

A common stairway and landing led from the ground floor to the entrance to respondent's office, said stairway and landing not being leased to respondent.

Claimant had visited this office several times prior to October 18, 1949. On that day he arrived at the building where the office was located at about 9:30 A.M., walked upstairs, entered the office, was informed

he was early for his scheduled appointment, and told to wait. A few minutes later he felt faint, left the office, and went out on the landing alongside of the common stairway.

Then, claimant testified, he started back into the office, and slipped and fell just inside the door of respondent's office. He did not look at the floor, and could not say what, if anything, he slipped on. He never did categorically state he slipped on cigarette butts or papers on the floor, and he did not remember the degree of polish on the floor.

The injuries, according to claimant's testimony, were serious, especially to his hand, some bones of which were fractured.

However, we are unable to receive claimant's version of the accident at its face value.

Immediately after his fall he stated to George Scott, then manager of respondent's office, that he had fallen outside the office, and, therefore, not on the premises of respondent.

But the portion of this case, which most impels us to give claimant's testimony very little weight, is that which shows that he continuously received Unemployment Compensation benefits from October 18, 1949 to April, 1950. One receiving such benefits is required to certify he is able to work. Yet, claimant at the hearing stated he could not work during the period except with one hand. According to the numerous interview cards introduced in evidence in this case, claimant stated he was able to work, and no interviewer deemed his injuries serious enough to prevent him from working.

We, therefore, decide that the evidence in this case preponderates in favor of respondent, that claim-

ant's fall did not occur on respondent's premises, and that claimant is not entitled to an award.

There is a further ground for denial of an award. The evidence of claimant, taken at its strongest, shows that claimant did no more than slip on a floor, and not on any foreign substance thereon. The premises were well lighted, and claimant had already that morning been over the area where he claimed he slipped and fell. It was not negligence for respondent to have the floor waxed, or even highly polished. This Court has expressly so decided in *Carrano* vs. *State*, 18 C.C.R. 30, on the authority of *Mack* vs. *Woman's Club of Aurora*, 303 Ill. App. 217. Claimant has shown no negligence on the part of respondent, which would warrant an award.

Award denied.