**Johnnie Dailey and Lottie Dailey, Plaintiffs-Appellees, v. Archie Hill, Defendant-Appellant.**

**Gen. No. 51,929.**

First District, Fourth Division.

September 25, 1968.

M. A. Haft & Associates, of Chicago (Richard S. Gore, of counsel), for appellant.

Gonsky & Sheppard, and Block, Levy & Becker, of Chicago, for appellees.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Plaintiffs brought this action to recover for injuries to themselves and damage to their car alleged to have been sustained on August 3, 1965, in Dolton, Illinois, when defendant "negligently" allowed his car to collide

with the rear end of their car. The case was tried before a jury which found in favor of defendant. Plaintiffs filed a post-trial motion seeking, in the alternative, either judgment notwithstanding the verdict on the issue of liability or a new trial. The court entered an order for a new trial. Defendant petitioned this court for leave to appeal from that order, which petition we granted.

We summarize the evidence adduced at the trial:

**For the plaintiffs**

*Archie Hill,* defendant, called as an adverse party under Section 60 of the Practice Act. Ill Rev Stats, c 110, § 60.

He was driving a 1961 Ford Galaxie at about 5:00 p. m. on August 3, 1965. He had owned the car for a month, and it was in excellent condition when he bought it. It had new tires and the brakes had been tested several weeks after purchase.

He was driving west on Sibley Boulevard, approaching Chicago Road. It was raining and his windshield wipers were on. He was alone in the car, traveling in "medium" traffic at 15–20 m. p. h. in the southernmost of the two westbound lanes. There was another car on his right, also traveling west but at a slightly faster rate. He glanced at this car and, when he looked back, he became aware of the car in front of him when its taillights went on. That car was between 75 and 90 feet in front of his car at the time. He slammed on his brakes.

His car skidded 60 to 80 feet in a straight line and collided with the car in front which was stopped at the intersection. The impact occurred east of the intersection. He could possibly have been traveling more than 5 m. p. h. at the time of the impact. His car did not move forward after the impact. At the moment of impact the traffic light was yellow.

*Johnnie E. Dailey, plaintiff.*

He was driving with his wife in his 1961 Buick, traveling west on Sibley Boulevard when the collision occurred. His car was in excellent condition; it was raining; the windshield wipers were on. When he was 50 or 55 feet [1] from the intersection with Chicago Road, the traffic light changed from green to "caution." He was going 25–35 m. p. h. He applied his brakes, the light turned red, and he came to a complete stop.

As soon as he stopped he noticed in his rearview mirror that defendant's car was approaching.[2] A couple of seconds later the collision occurred. Defendant was alone in his car.

*Lottie Mae Dailey,* plaintiff

She had no warning of this accident prior to impact, her husband having said nothing to alert her.

### For the defense

*Philip Hagel*

He was driving a truck tractor east on Sibley Boulevard, approaching Chicago Road, when he saw the collision between the cars of plaintiffs and defendant. Plaintiffs' car was right on top of the intersection when the traffic light changed from green to amber. Plaintiffs' car stopped very suddenly "right on top the crosswalk." There were cars on Chicago Road but no traffic was crossing the intersection at the time.

Defendant's car hit plaintiffs' car, knocking it forward approximately 10 feet. Mr. Dailey then drove it to the right side of the road. While plaintiffs were in the car they were "laughing and kibitzing." Then he noticed the seat go back part way in their car.

He was about 50 feet from the intersection at the time of the impact. He could only see the traffic light

---

[1] On cross-examination, he estimated he was 40 to 50 feet from the intersection when the light changed.

[2] On cross-examination, he testified he first saw defendant's car when he was 50–60 feet from the intersection.

facing west while plaintiffs were controlled by the light visible to the east of the intersection. He could not see the taillights on plaintiffs' car. There was another car to plaintiffs' right, traveling in the same direction, as they approached the intersection.

*Archie Hill,* defendant.

The vehicle passing on his right distracted his attention for about a second.

OPINION

Defendant asserts that the trial was fair, and on that point there is no dispute on this appeal. Accordingly, plaintiffs seek to justify the order granting a new trial on the sole ground that the verdict was against the weight of the evidence. The only contested question, therefore, is whether the trial court abused its discretion under the circumstances. We have carefully examined the evidence and believe that the granting of a new trial in this case did constitute an abuse of discretion.

Testimony was given by plaintiffs that Mr. Dailey was driving at a reasonable rate of speed, saw the traffic light change to amber when he was some distance away, and stopped his car before he reached the intersection. Also, there was testimony by Mr. Dailey from which it could be inferred that defendant, while following plaintiffs' car, was careless in failing to notice that it had stopped for the light, and was traveling too fast (as measured by the length of the skid) to avoid the collision. The jury could have accepted Mr. Dailey's testimony as true and rendered a verdict for plaintiffs.

However, there was other testimony, including that of the only disinterested witness in the case, to the effect that Mr. Dailey stopped his car with unreasonable suddenness when he was right on top of the intersection at the change of the light from green to yellow. The jury might properly have believed this testimony, and might also have believed from the evidence that defendant was

traveling at an appropriate speed under the circumstances, that the comparatively long skid was caused by rain on the pavement, and that since a car was passing him on the right it was reasonable for defendant to have glanced in that direction for a second. Considering the evidence in this light, the jury could properly have found, as it did, that defendant was not negligent.

Defendant was entitled to have these questions of fact decided by the jury, and it is irrelevant that the judge might have decided the case differently, based on his own evaluation of the testimony. Determination of the weight to be accorded conflicting testimony, the drawing of inferences from the evidence, and resolving issues of fact such as negligence are preeminently matters for the jury and not for the judge. In the proper exercise of his discretion a judge may not set aside a verdict and grant a new trial unless it is clear that the verdict resulted from passion or prejudice or is wholly unwarranted by the evidence. E. g., Morella v. Melrose Park Cab Co., 65 Ill App2d 175, 212 NE2d 106; Foster v. Van Gilder, 65 Ill App2d 373, 213 NE2d 421. The verdict here is amply supported by the weight of the evidence and must be allowed to stand.

DECISION

The order granting a new trial is vacated and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

McCORMICK, P. J. and DRUCKER, J., concur.