ANN J. TRIPP, Plaintiff-Appellant, *v.* NORMAN HALE *et al.*, Defendants-Appellees.

Second District   No. 78-441

Opinion filed July 16, 1979.

Peter B. Nolte, of Berry, Berry and Nolte, of Rockford, for appellant.

Thomas A. Keegan, of Keegan and Gosdick, of Rockford, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, Ann Tripp, brought this action to recover for injuries sustained in a fall on property owned by defendants, Norman and Ruth Hale. The trial court entered summary judgment for defendants and plaintiff brings this appeal.

Plaintiff was a guest in defendants' home, having been invited over to play cards. She was a frequent visitor at defendants' home, and as was customary when visiting them, she removed her shoes. During the evening plaintiff left the living room to go to the bathroom. When she stepped on a throw rug covering the linoleum floor between the kitchen and the living room, the rug slipped out from under her and she fell, fracturing her coccyx and injuring her back.

Thereafter, plaintiff filed a complaint charging defendants with negligence. Defendants answered and filed a motion for summary judgment, arguing that plaintiff was a licensee and that no willful and wanton conduct had been pleaded. Plaintiff filed an amended complaint eliminating the negligence allegations and charging defendants with willful and wanton conduct. Specifically, the amended complaint alleged that defendants placed a throw rug over a "highly polished" and "slippery" linoleum floor, that the rug had no "rubber or safety backing" to keep it from slipping, and that defendants failed to warn plaintiff of a dangerous condition of which both defendants were aware. Defendants'

previously filed motion for summary judgment was permitted to stand and after hearing arguments, the trial court granted the motion. This appeal followed.

■■ The parties are in agreement that plaintiff's status is one of a social guest and that she is therefore to be regarded as a licensee rather than an invitee. (*Schoen v. Harris* (1969), 108 Ill. App. 2d 186, 246 N.E.2d 849; *Snow v. Judy* (1968), 96 Ill. App. 2d 420, 239 N.E.2d 327.) The only duty owed by the host to a social guest or other licensee is the duty to refrain from willful and wanton conduct. (*Latimer v. Latimer* (1978), 66 Ill. App. 3d 685, 384 N.E.2d 107; *West v. Faurbo* (1978), 66 Ill. App. 3d 815, 384 N.E.2d 457.) A charge of willful and wanton conduct does not require proof that the defendants intended that harm should ensue. (*Sprague v. Commonwealth Edison Company* (1978), 59 Ill. App. 3d 342, 375 N.E.2d 493.) It is sufficient to show that defendant failed to take reasonable precautions under the circumstances. (*Sprague*, 59 Ill. App. 3d 342, 346, 375 N.E.2d 493, 498.) Although a host has no obligation to make his property safe for social guests, he does have a duty to warn them of hidden dangers, and the failure to do so may indeed constitute willful and wanton conduct. See *Latimer v. Latimer*; *West v. Faurbo*; *Schoen v. Harris*; *Snow v. Judy*.

■ In order for this duty to be owed however, there must exist a hidden danger of which defendants had knowledge. (*Schoen v. Harris*; *Snow v. Judy*.) In this regard defendants rely on *Mack v. Woman's Club* (1940), 303 Ill. App. 217, 24 N.E.2d 898, and *Schmidt v. Cenacle Convent* (1967), 86 Ill. App. 2d 150, 229 N.E.2d 413. In *Mack*, plaintiff was injured when she slipped and fell on defendant's waxed floor. In reversing the jury's award of damages, the court refused to consider that it was negligent *per se* for defendant there to have the floor cleaned and waxed, nor did such act serve to charge defendant with the duty of anticipating that one in the exercise of ordinary care would be exposed to danger when using the floor in a manner for which it was intended. However, the court also stated:

> "The waxing of floors of this character is a common practice, and too well-known to be considered negligent in the *absence of evidence tending to prove some positive negligent act or omission on the part of the owner of the premises, which contributed to the injury.* * * *" (Emphasis added.) (303 Ill. App. 217, 220, 24 N.E.2d 898, 899.)

In *Schmidt*, the court again reversed a jury award for a plaintiff who had received injuries in a fall on a polished floor. The court reiterated that testimony that a floor is "slippery" or "polished" is not sufficient alone to require that an owner's liability be weighed by a jury. Further, that

waxing or polishing a floor is not negligence in and of itself. Some positive act of negligence must be shown. We acknowledge that the above cases deal with negligent conduct and the case before us deals with willful and wanton conduct. Nevertheless, the allegation of a positive act raises a question to be determined by the jury in either case, even though the standards applicable to negligent and willful and wanton conduct are different.

Plaintiff here has alleged not only a "highly polished" and "slippery" linoleum floor, but also a positive act that defendants placed a throw rug, which had no rubber or safety backing, on the linoleum floor. Whether acts or omissions constitute willful and wanton conduct is preeminently a jury question (*Bernier v. Illinois Central R.R. Co.* (1921), 296 Ill. 464, 129 N.E. 747), and we can not say as a matter of law that the conditions alleged are insufficient to give rise to a violation of a duty to warn.

Motions for summary judgment should be granted only if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1977, ch. 110, par. 57(3).) In this case, whether placing a throw rug with no safety backing over a slippery floor constitutes such a concealed danger as to require a warning and whether defendants had knowledge of this condition are genuine issues of material fact to be resolved by the jury.

For the foregoing reasons the judgment of the circuit court of Winnebago County granting defendants' motion for summary judgment is reversed and the cause remanded for trial.

Reversed and remanded.

GUILD, P. J., and SEIDENFELD, J., concur.