SALLY SOUCIE, Plaintiff-Appellee, v. DRAGO AMUSEMENTS COMPANY, Defendant-Appellant.

First District (2nd Division)   No. 85—2622

Opinion filed June 3, 1986.—Rehearing denied July 22, 1986.

Hugh R. McCombs, Jr., Charles J. Risch, and Susan E. Babb, all of Isham, Lincoln & Beale, of Chicago, for appellant.

David H. Lucas and Robert Murphy, both of Lucas, Murphy, Kerwin & Coffey, of Chicago, for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

Defendant appeals from a circuit court judgment in favor of plaintiff for injuries she received at a carnival which defendant operated. The issues presented include whether: (1) plaintiff proved defendant's wilful and wanton misconduct; (2) plaintiff, an adult trespasser with a mental disability, was properly allowed to pursue a cause of action sounding in negligence; and (3) the trial was so fraught with error as to deprive defendant of a fair trial.

On August 24, 1980, plaintiff, a 20-year-old woman with a mental disorder, attended defendant's carnival. Plaintiff entered a trailer parked between two carnival rides. The trailer contained a portable electric generator powered by a 185-horsepower diesel engine. She was injured when a shirt which she was carrying caught in the generator fan causing her to be pulled into the rapidly turning fan blades. Plaintiff's amended complaint sought recovery from defendant on theories of negligence and wilful and wanton misconduct.

At trial, evidence was adduced as to plaintiff's abnormal or bizarre behavior at the carnival, including her harassing carnival employees, talking about taking children on rides through the clouds, talking to airplanes flying by, and dancing about by herself. Plaintiff told a carnival patron that she was a movie star and was going to her dressing room just prior to her entering the generator trailer. There was conflicting evidence given by experts testifying as to

plaintiff's mental condition and inability to assess risks. She was variously described by psychiatrists as being psychotic of the schizo-affective type; paranoid with delusional misperception of her situation; and by a psychologist as moving in and out of manic stages, and was in effect a child in need of special protection. Evidence was presented as to the layout of the carnival. The condition of the generator trailer at the time of the accident was also controverted as to whether or not guards were then in place around the fan blades.

As a result of the accident, plaintiff sustained severe injuries to the right side of her body which required extensive plastic surgery, with residual extensive and permanent scarring.

In a general verdict, the jury found in favor of plaintiff and against defendant and assessed damages at $800,000, reduced to $650,000 after the jury found her to have been 18.75% contributorily negligent. The jury specifically found, in answer to a special interrogatory submitted by defendant, that defendant wilfully and wantonly injured plaintiff. Defendant's post-trial motion was denied, and this appeal follows.

■ Plaintiff pursued two theories of recovery, one sounding in negligence and the other alleging wilful and wanton misconduct. The jury returned a general verdict in plaintiff's favor. On appeal, defendant challenges both of plaintiff's theories, assigning error to the circuit court's refusal to direct a verdict in its favor with respect to the negligence count, based upon the rule in *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836, in which plaintiff sought the status of a child trespasser because of her mental impairment. Defendant also claims error in the circuit court's failure to direct a verdict in its favor because plaintiff failed to establish defendant's wilful and wanton conduct at trial. A finding that plaintiff has sustained her burden of proof as to either theory would justify affirmance of the circuit court judgment. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1201(d); *Moore v. Jewel Tea Co.* (1970), 46 Ill. 2d 288, 294, 263 N.E.2d 103; *Bell v. Reid* (1983), 118 Ill. App. 3d 310, 312, 454 N.E.2d 1117; *Ruffiner v. Material Service Corp.* (1985), 134 Ill. App. 3d 747, 755, 480 N.E.2d 1157.) We affirm plaintiff's recovery based upon her allegations and proof of defendant's wilful and wanton conduct.

## I

■ Plaintiff indisputably was a trespasser at the time of her injury and the circuit court so ruled as a matter of law at the close of all the evidence. The duty owed her by defendant was to avoid

wilfully and wantonly injuring her. (*Bofman v. Material Service Corp.* (1984), 125 Ill. App. 3d 1053, 1064, 466 N.E.2d 1064, *appeal denied* (1984), 101 Ill. 2d 580; *Grimwood v. Tabor Grain Co.* (1985), 130 Ill. App. 3d 708, 710, 474 N.E.2d 920.) To sustain such an action the "wilful and wanton injury must have been intentional or must demonstrate that the act was committed under circumstances exhibiting a reckless disregard for the safety of others, [including] failure, after knowledge of impending danger, to exercise ordinary care to prevent it, or reckless or careless failure to discover the danger when it could have been discovered by ordinary care." (*Lynch v. Board of Education* (1980), 82 Ill. 2d 415, 429, 412 N.E.2d 447; *Klatt v. Commonwealth Edison Co.* (1965), 33 Ill. 2d 481, 488, 211 N.E.2d 720; *Schneiderman v. Interstate Transit Lines, Inc.* (1946), 394 Ill. 569, 583, 69 N.E.2d 293.) Whether acts or omissions constitute wilful and wanton conduct is a question for the trier of fact (*Tripp v. Hale* (1979), 74 Ill. App. 3d 200, 203, 392 N.E.2d 748), and should be determined on a case-by-case basis (*Chmiel v. Pierce* (1973), 9 Ill. App. 3d 130, 133, 291 N.E.2d 862). The failure of an owner or occupier of land to warn of concealed dangers of which it is aware constitutes wilful and wanton conduct. *Bofman v. Material Service Corp.* (1984), 125 Ill. App. 3d 1053, 1065.

During the trial, the evidence established that the generator trailer, painted white, was placed between two rides because they used the most electricity. It was parked 5 feet away from the nearest ride. The trailer had doors at the back end and on one side. The side door was open with no screen door or barrier of any kind obstructing entry or exit into or out of the trailer. In the past, defendant had used a barrier to block the entrance of the trailer so as to "keep kids out of it." Entry into the trailer through the side door was made possible by defendant's placement of wooden steps there. A high-voltage warning sign was painted on the trailer near the side door; however, no sign directed persons to "keep out." The generator emanated fumes and made a loud noise.

Patrons of the carnival could and did enter and leave the carnival grounds by walking between the rides and the generator trailer. Defendant left the entrance to the trailer unguarded because one of defendant's employees who normally kept watch over the entrance to the trailer was not doing so, but had asked one of the boys operating a carnival ride to keep an eye on the entrance, knowing that this employee had to collect tickets and operate the ride at the same time. The generator motor inside the trailer originally had been equipped with a spider web guard over the fan blades which was re-

moved to make repairs on the motor. There was ample evidence that this guard was never replaced. There was some evidence that it was.

■ This evidence, taken as a whole, establishes that there was a basis for defendant to believe that unauthorized people would enter the trailer despite the warning sign, fumes, and noise. Defendant's failure to somehow obstruct or keep watch over the entrance to the trailer, and the use of a fan which had had its blade guard removed, demonstrates a reckless disregard for the safety of carnival patrons. The fact that a barrier had been used previously is an indication of an awareness that such conduct could naturally and probably result in injury. The jury's finding that defendant's conduct was wilful and wanton was supported by the evidence. Its resolution of conflicting testimony concerning whether the fan-blade guard was in place was within its province as factfinder. (*Dumpert v. Liechty* (1969), 114 Ill. App. 2d 59, 66, 251 N.E.2d 652; *Dailey v. Hill* (1968), 99 Ill. App. 2d 474, 479, 241 N.E.2d 683.) Defendant's assertion that certain testimony regarding the missing blade guard was inadmissible hearsay is not persuasive; at least two witnesses testified to its absence. In this posture of the case, it cannot be said that when the evidence is viewed most favorably to plaintiff, it so overwhelmingly favored defendant that plaintiff's verdict could not be allowed to stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.) The general jury verdict and judgment of the circuit court must be affirmed on the basis of the wilful and wanton conduct claim.

## II

■ In light of the foregoing determination, it is unnecessary to consider the merits of defendant's contention that the circuit court erred by allowing plaintiff to pursue a negligence claim premised on her mental disabilities, pursuant to *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836. Having found the wilful and wanton claim to be supported by sufficient evidence, we express no opinion with respect to the negligence claim except to say that the evidence of plaintiff's mental problems presented on that count cannot be said to have tainted the jury's finding of wilful and wanton conduct in light of the ample evidence of the latter conduct.

## III

As a final matter defendant asserts that based upon a number of circuit court rulings it was deprived of a fair trial. This contention is without merit. Some of the challenged rulings relate only to plain-

tiff's negligence claim and therefore need not be considered.

■■ With respect to contributory negligence, defendant contends that the circuit court erred in failing to include a list of specific allegations of plaintiff's negligence in its contributory negligence jury instruction, but concedes that the allegations were not included in its answer. The circuit court was justified in refusing to add the listed allegations to its instructions. (Illinois Pattern Jury Instruction, Civil, No. 20.01.01 (2d ed. 1971), Notes on Use, at 105.) Although defendant sought leave to amend its answer after proofs were closed so as to include the proposed list, the circuit court in its discretion was justified in denying the proposed amendment since the allegations were in some cases inaccurate, in others misleading, and still other instances immaterial, and were prejudicial at this stage of the proceedings, where plaintiffs had no opportunity to explain or rebut the charges. In any event, no prejudice to defendant is evident since an instruction on plaintiff's negligence was given, the jury found her partially negligent, and her damages were reduced accordingly.

■■ ■ The circuit court's exclusion of testimony that a witness was unaware of accidents at other carnivals involving generator trailers was correct in that, as the court ruled, this evidence had no probative value here. References to defendant's insurance, although not favored (*Jordan v. Morrissey* (1970), 130 Ill. App. 2d 418, 423-24, 264 N.E.2d 734), were not harmful error as they were inadvertent (*American State Bank v. County of Woodford* (1978), 55 Ill. App. 3d 123, 129-30, 371 N.E.2d 232); moreover, no objection was raised to these references at trial.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

BILANDIC, P.J., and STAMOS, J., concur.