*In re* MARRIAGE OF NELL COUFAL, n/k/a Nell Lewis, Petitioner-Appellee, and JAMES R. COUFAL, Respondent-Appellant.

First District (2nd Division) No. 86—1083

Opinion filed June 2, 1987.

Kwiatt & Silverman, Ltd., of Chicago (Michael Silverman, of counsel), for appellant.

Errol Zavett, of Baer, Davis, Friedman, Zavett, Kane & MacRae, of Chicago (Linda S. Kagan, of counsel), for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

Respondent husband appeals from a rule to show cause and adverse judgment finding him $53,341.04 in arrears on monthly payments of a lump-sum distribution under a divorce judgment and owing $9,756.51 in attorney fees and costs. He raises as issues whether the circuit court erred in: (1) finding that respondent failed to establish the terms of an alleged oral modification of a divorce property settlement by clear and unequivocal evidence; (2) failing to apply equitable estoppel, *laches*, or accord and satisfaction as bars to petitioner's action seeking periodic property settlement payments allegedly due; and (3) awarding petitioner interest and attorney fees.

Respondent, James Coufal, and petitioner, Nell Lewis, were married on September 7, 1952. They had one child, a son born in 1960. They were divorced on April 30, 1970. They agreed to the property settlement incorporated into the judgment which provided that respondent would: pay petitioner $115,200 "in lieu of alimony" in periodic monthly payments of $800 for 12 years; quitclaim the marital home to petitioner; and pay for their son's college education, provided he was in good scholastic standing and respondent was financially able.

In 1974 the parties orally modified their agreement allowing respondent to make smaller monthly payments ($550) over a longer period of time.

In the spring of 1978, respondent agreed to pay the entire cost of his son's college education at Washington and Lee University (between $7,000 and $9,000 per year), in accordance with the original divorce agreement. Respondent informed petitioner, however, that he could not afford to pay her $550 per month and pay for their son's education. Respondent alleged that petitioner then orally agreed to waive all future monthly payments in exchange for respondent's paying for the son's college education. Petitioner contends that she merely agreed to postpone the payments while respondent was paying for the son's college if he paid all then current arrearages.

In September 1979, respondent paid petitioner $4,400 in arrearages, thereby allegedly satisfying all owed monthly payments through July 1978, the date that the son started college. The son attended Washington and Lee for two years and then either dropped out or was dismissed in the spring of 1980, relieving respondent of any need to make continued tuition payments. He also allegedly believed himself free of the monthly lump-sum distribution payments. Petitioner apparently made no immediate demand for the resumption of the monthly payments; instead, after learning that respondent's financial

situation had changed, she filed a petition for rule to show cause on April 10, 1984. After respondent filed his response to the petition and an exchange of memoranda, the circuit court held in petitioner's favor and entered a rule to show cause on May 24, 1985.

Respondent thereafter filed a motion for reconsideration and clarification and petitioner filed a motion for attorney fees and interest. On August 23, 1985, after an extensive hearing, the court denied respondent's motion for reconsideration, granted petitioner's motion for interest, and allowed discovery on the attorney fees. On November 15, 1985, the court entered a $53,341.04 judgment in petitioner's favor for monthly lump-sum distribution payments due plus accumulated interest. Three days later, on November 18, 1985, the court assessed attorney fees and costs of $7,239.91, against respondent. At that time, the court added as an additional party defendant respondent's current wife, Judith Swafford Coufal.

On December 5, 1985, respondent appealed to this court, which was dismissed. On April 25, 1986, the circuit court issued a judgment of $2,516.60 for supplemental attorney fees. Thereafter, respondent filed the current appeal from that judgment and the previous judgments for attorney fees and for the divorce agreement arrearages.

I

■ Respondent initially contends that he proved the existence of an oral contract releasing him from continued monthly payments in exchange for his paying for his son's college education.

An oral agreement purportedly waiving the lump-sum distribution terms of a divorce judgment must be established by clear and unequivocal evidence similar to that required to prove a modification of child support. (*In re Marriage of Runge* (1981), 102 Ill. App. 3d 356, 361, 430 N.E.2d 58; *Hoos v. Hoos* (1980), 86 Ill. App. 3d 817, 821, 408 N.E.2d 752; *Needler v. Needler* (1971), 131 Ill. App. 2d 11, 268 N.E.2d 517.) Respondent contends that he has presented such proof, which consisted of his own perception of the terms of the alleged oral modification, his payment of $4,400 in arrears to petitioner, his payment of the son's college costs, petitioner's apparent acquiescence through silence to his nonpayment, and statements made by petitioner to a friend.

■ The credibility of the witnesses, the weight to be accorded their testimony, and the resolution of conflicting testimony are concerns peculiarly within the province of the trier of fact. *Soucie v. Drago Amusements Co.* (1986), 145 Ill. App. 3d 348, 353, 495 N.E.2d 997; *In re Estate of Stuhlfauth* (1980), 88 Ill. App. 3d 974, 980, 410

N.E.2d 1063; *Kavanaugh v. Estate of Dobrowolski* (1980), 86 Ill. App. 3d 33, 42, 407 N.E.2d 856; *Servbest Foods, Inc. v. Emessee Industries, Inc.* (1980), 82 Ill. App. 3d 662, 676, 403 N.E.2d 1.

In the case *sub judice*, respondent's testimony alleged the existence of the oral modification; petitioner's countervailing testimony denies its existence. Respondent's payment, and petitioner's acceptance, of $4,400 in arrears owed her is not probative of the existence of an oral modification. There is no objective evidence that the payment was viewed either as a settlement or a satisfaction of the debt. Respondent's assertion that payment for his son's college expenses is probative of the oral modification which allegedly extinguished his debt to petitioner in exchange for the payment of his son's expenses does not persuade. The original divorce judgment and agreement provided that he would pay the college costs if he was financially able. His having done so is not probative of a modification, but was an obligation set forth in the original agreement. The circuit court was justified in finding that the evidence adduced did not demonstrate respondent's financial inability to pay for his son's college expenses.

Although respondent correctly asserts that petitioner's silence in the face of his nonpayment is probative of the alleged modification, such evidence is not controlling and must be considered together with other evidence adduced in the case.

■ Respondent finally asserts that petitioner's statements to a common friend admitted the existence and terms of the oral modification. The friend testified petitioner had told her "[t]hat [respondent] agreed that he would send [their son] to a good college and [petitioner] would forego any money that he owed her." The circuit court found this statement ambiguous as to whether "forego" meant entirely or merely for the duration of the son's college. This finding of ambiguity is reasonable and belies respondent's assertion that he proved the oral modification and its terms with clear and unequivocal evidence.

Whether the evidence adduced in this case was sufficient to prove clearly and unequivocally the oral modification and its terms is neither arguable nor sufficient upon which to mandate or warrant reversal of the circuit court. *Soucie v. Drago Amusements Co.* (1986), 145 Ill. App. 3d 348, 353, 495 N.E.2d 997.

## II

■ Respondent next asserts that the circuit court erred in denying application of equitable estoppel, *laches*, and accord and satisfaction to the circumstances presented.

Equitable estoppel is claimed to bar petitioner's recovery apparently because respondent's undertaking to pay for his son's college education relieved petitioner of any familial obligation to do so; therefore, petitioner should be estopped from pursuing monies due her under the divorce judgment. In seeking to equitably estop petitioner's assertion of her rights under the divorce judgment, respondent would have had to have focused upon petitioner's conduct and his detrimental reliance thereon. (*Hoos v. Hoos* (1980), 86 Ill. App. 3d 817, 823, 408 N.E.2d 752.) The circuit court found that respondent's alleged reliance was nonexistent since the divorce judgment had imposed a duty upon him to pay for his son's college education if he was financially able and he had failed to demonstrate any inability. Respondent failed to sustain his burden of proving detrimental reliance. He produced no financial records, admitted ownership of various real properties, and relied for proof solely upon his own testimony concerning financial inability. The circuit court's factual finding of an absence of detrimental reliance under the record facts was not in error.

■ As to the application of the doctrine of *laches* as a bar to petitioner's action, respondent asserts that his alimony payments were current through July 1978 and that no demand was made for resumption of his payments until this action was filed in April 1984. His payments through July 1978 were brought to date only by a payment in September 1979, which eliminated the arrearages accumulated through July 1978. From July 1978, their son was in college, where he remained until the spring of 1980, during which time the petitioner apparently agreed to suspend payments. The circuit court so found. The court held, however, that the four-year period from the spring of 1980 until April 1984 was not so long as to warrant the application of the doctrine of *laches*. This finding does not require reversal, particularly in the absence of any evidence demonstrating injury to respondent. (*Finley v. Finley* (1980), 81 Ill. 2d 317, 410 N.E.2d 12 (enforcement proceedings instituted 11 years after child support payments came due); *Heinze v. Heinze* (1979), 79 Ill. App. 3d 1121, 398 N.E.2d 1187 (14-year delay); *Ellingwood v. Ellingwood* (1975), 25 Ill. App. 3d 587, 323 N.E.2d 571 (22-year delay).) Further, requiring respondent to pay an amount due and owing over that period of time does not constitute the kind of injury cognizable in asserting a *laches* defense; for all that has been shown, he may have benefitted from the delay through the use of funds which otherwise he would not have had. *Heinze v. Heinze* (1979), 79 Ill. App. 3d 1121, 1124, 398 N.E.2d 1187.

■ Respondent also claims that he should be released from liability through application of the doctrine of accord and satisfaction. Nei-

ther party has cited any support for applying the doctrine of accord and satisfaction to a divorce case such as this. Assuming, *arguendo*, that it could be applied in such cases, there was no error in not applying it here.

Accord and satisfaction should be applied, according to respondent, because he and petitioner entered into the alleged oral modification of the judgment whereby he agreed to pay his arrearages of $4,400 and their son's college expenses in exchange for his release from all liability on the remaining monthly lump-sum distribution payments. The circuit court rejected this argument because respondent failed to prove that his agreement to pay for his son's college was consideration capable of supporting the accord and satisfaction. The court found that the original divorce agreement and judgment obligated respondent to pay for his son's college; in the absence of proof of his inability to pay, the alleged consideration for the accord and satisfaction consisted wholly of preexisting duties and, therefore, was not valid consideration. The court's analysis was correct. *Gord Industrial Plastics, Inc. v. Aubrey Manufacturing, Inc.* (1982), 103 Ill. App. 3d 380, 431 N.E.2d 445; *Upper Avenue National Bank v. First Arlington National Bank* (1980), 81 Ill. App. 3d 208, 400 N.E.2d 1105.

### III

Respondent asserts as his final argument that if the judgment for arrearages against him is reversed, the judgments for interest and attorney fees must also be reversed. Since we affirm, no further analysis or discussion of this point is necessary.

Accordingly, the judgment of the circuit court of Cook County will be affirmed.

Affirmed.

STAMOS and BILANDIC, JJ., concur.