*In re* MARRIAGE OF MARILYN DIVARCO, f/k/a Marilyn Gilleran, Petitioner-Appellee, and JOSEPH S. GILLERAN, Respondent-Appellant.

First District (2nd Division) No. 86—2309

Opinion filed February 23, 1988.—Modified on denial of rehearing April 26, 1988.

Paul R. Jenen, of Wheeling, for appellant.

Jac A. Cotiguala, of Arnold & Kadjan, of Chicago, for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

Respondent, Joseph Gilleran (Husband), appeals from the trial court's rulings on various petitions brought by Marilyn Divarco, f/k/a Marilyn Gilleran (Wife), against him for payment of arrearages of child support and for contribution towards the college expenses of their two children. The trial court found the Husband $23,490 in arrears on child support and entered orders directing him to contribute certain amounts towards the college expenses of both children.

The Husband and Wife were divorced in Cook County on July 31, 1973. The decree awarded the Wife custody of their two children, a son and a daughter, and required the Husband to pay "family" support at a minimum sum of $60 per week.

Both the Husband and Wife remarried. At the time of the proceedings at issue, their son was 19 years old and their daughter was 17 years old. The Wife has a seven-year-old child by her second marriage and is unemployed. The Husband is employed at a salary of $31,000 per year and supports his new wife, their two-year-old son and a seven-year-old stepdaughter.

In her petitions, the Wife sought to recover delinquent child support for the period from June 1978 to August 1985, plus interest, and to modify the "Judgment of Divorce" to obtain contribution from the Husband for their children's college expenses.

The Husband responded with an affirmative defense, asserting that at all times prior to June 1978, he paid child support as required under his judgment for divorce and that on June 6, 1978, the Wife and her new husband requested that he give up his rights to visitation in exchange for the promise that he would not be required to pay child support in the future. He further alleged a complete financial inability to contribute towards the college expenses of his children.

On appeal, the Husband argues that the trial court's orders are against the manifest weight of the evidence; the trial court operated under a misapprehension as to the law, *i.e.*, the erroneous belief that any such agreement had to be in writing; and the trial court abused

its discretion in ordering him to contribute certain sums towards his children's college expenses.

The record contains the testimony of four witnesses on the question of child support arrearages. The Husband testified about several conversations he had with his Wife in 1978. The Wife told him not to visit the children anymore because he was confusing them and "she didn't need his money anymore" because she had a new life. When he went to visit or pick the children up for visitation, the Wife's new husband told him to stay away and threatened him. At one point, the Wife told him that she wanted him to give the children up for adoption but he told her he would have to think about it. On one occasion, a common friend of the Husband and Wife accompanied him when he went to pick his children up.

The friend's testimony corroborated the Husband's testimony. He stated that when he accompanied the Husband to pick the children up, the Wife's new husband was hostile and threatened Mr. Gilleran. The Wife told Mr. Gilleran that he did not have to send any more money. The friend also stated that he saw the Wife at a picnic in 1981, at which time she stated that she hoped Mr. Gilleran would die and never come around again.

The Husband's mother also testified. She stated that as the children's grandmother, she still had contact with the Wife and was permitted to see the children without difficulty. She testified that the Wife stated that she did not want to see Mr. Gilleran anymore, she did not want "a dime from him," and that they had an agreement to that effect.

The Wife denied the existence of any agreement and testified that Husband ceased visitation and support in June 1978.

The Husband further testified that at all times prior to June 1978, he paid child support pursuant to the "judgment for divorce." After the parties agreed that he would forgo his visitation rights in return for her forgoing child support payments, he never called or visited the children. After June 1978, the Wife never contacted him requesting child support.

Seven years later, on September 3, 1985, the Wife filed a petition for a rule to show cause and a petition to amend judgment for divorce seeking child support arrearages. During the hearing on that petition, the trial court stated that the doctrine of equitable estoppel would not apply unless the alleged agreement was in writing. At the conclusion of this hearing, the court found the Husband liable for child support arrearages in the sum of $23,490, entered judgment for that amount, denied the Wife's request for interest, and stayed exe-

cution of judgment as long as the Husband paid $50 per month towards that judgment.

Two subsequent hearings were held on the Wife's petitions and motions for contribution towards college expenses for the children. The court ordered the Husband to contribute $2,000 towards the college expenses of their son for the school years 1985-86 and 1986-87, payable at the rate of $83.33 per month, and $300 per month towards the college expenses of their daughter. This timely appeal followed.

## I

● ▮▮ The Wife challenges the jurisdiction of this court by alleging that the final order of the trial court was entered on May 28, 1986. The notice of appeal was filed on August 20, 1986, well beyond the 30-day period required by Supreme Court Rule 303(a) (107 Ill. 2d R. 303(a)). That untimely filing results in a failure to invoke appellate jurisdiction. Therefore, the appeal should be dismissed. This argument is misplaced.

The May 28, 1986, order is not final and appealable because it provides for payment of certain child support arrearages and reserved ruling on the remaining issues of current child support and contributions towards college expenses. Supreme Court Rule 304(a) provides that where multiple claims for relief are involved, an appeal may be taken from a final judgment as to one or more but fewer than all of the claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. In the absence of such a finding, any judgment that adjudicates fewer than all the claims is not a final and appealable order. 107 Ill. 2d. R. 304(a).

The May 28, 1986, order does not contain the necessary finding by the trial court. Judgment on the last pending issue was entered on July 25, 1986. Thus, the notice of appeal filed on August 20, 1986, was indeed timely.

## II

The Husband contends that he proved the existence of an oral agreement releasing him from paying child support in exchange for forgoing his visitation rights. The Husband further argues that because of the trial court's misapprehension on the law, the court erroneously entered judgment against him for support arrearages.

The Wife asserts that public policy prohibits recognition of this type of agreement. She principally relies on *Blisset v. Blisset* (1986),

144 Ill. App. 3d 1088, 495 N.E.2d 608, *appeal allowed* (1986), 113 Ill. 2d 557, in support of her argument.[1]

In *Blisset*, the husband relied on his ex-wife's oral promise to forgo support payments when he relinquished his visitation rights. The court held that the husband's forbearance from visitation could not constitute detrimental reliance on his ex-wife's waiver since such an agreement was offensive to and against public policy. 144 Ill. App. 3d 1088, 1099 (Justice Green, concurring in part and dissenting in part).

■ Illinois courts have given effect to either an agreement between the parties or the doctrine of equitable estoppel in the proper cases. *Finley v. Finley* (1980), 81 Ill. 2d 317, 410 N.E.2d 12; *In re Marriage of Coufal* (1987), 156 Ill. App. 3d 814, 510 N.E.2d 25; *Ruster v. Ruster* (1980), 91 Ill. App. 3d 355, 414 N.E.2d 927; *Bartlett v. Bartlett* (1979), 70 Ill. App. 3d 661, 389 N.E.2d 15.

■ The right to past-due installments of child support is a vested right which may not be reduced or eliminated by a court absent a valid defense. (*Elliott v. Elliott* (1985), 137 Ill. App. 3d 277, 278-79, 484 N.E.2d 482, citing *Lewis v. Staub* (1981), 95 Ill. App. 3d 243, 419 N.E.2d 1223, *appeal denied* (1980), 85 Ill. 2d 566.) In the proper case, however, courts have given effect to either an agreement between the parties or the doctrine of equitable estoppel. (*Bartlett v. Bartlett* (1979), 70 Ill. App. 3d 661, 389 N.E.2d 15.) Either defense must be proved by clear and unequivocal evidence. *Hoos v. Hoos* (1980), 86 Ill. App. 3d 817, 821, 408 N.E.2d 752.

In the case at bar, the evidence demonstrates that the Husband proved the existence of an oral agreement by clear and unequivocal evidence. First, Mr. Gilleran testified that he and his ex-wife orally agreed that she and her new husband would support the two children and she would waive further child support if he would forgo his right to visitation. This evidence was corroborated by the testimony of the parties' common friend and Mr. Gilleran's mother. Mr. Gilleran also testified that he ceased visitation and payment of child support in June 1978. The Wife's testimony corroborated this. Moreover, the Wife's "silence" and inaction during the lengthy period of the Husband's nonpayment is highly probative of the fact that the parties had reached an agreement. Thus, the record supports the existence of an agreement between the parties.

Additionally, the record shows that the Wife filed a petition for

---

[1] Illinois Supreme Court Docket No. 64061, argued May 27, 1987, and under advisement at the time this opinion was issued.

rule to show cause against the Husband for payment of 14 weeks' arrearages of child support in 1978. There is no disposition of that petition anywhere in the record. Moreover, hearings on a rule to show cause against the Husband for failure to pay attorney fees were continued from time to time from September 1973 to December 1982, without disposition.

The Wife admitted that the Husband had paid child support up to May 1978, and that prior to June 1978, he had exercised visitation rights with his children. She also confirmed that Mr. Gilleran never called or visited with his children after June 1978. She further confirmed that she had never contacted him after June 1978, nor did she request child support from him. Seven years elapsed between the time that the agreement was entered into and the time in which the Wife first asserted rights to child support arrearages.

Moreover, the Wife failed to allege, testify or provide any other testimony or evidence as to whether the children were "in want or lack in any way for either material needs or parental guidance." (*Finley v. Finley* (1980), 81 Ill. 2d 317, 410 N.E.2d 12.) The record does not contain any evidence about the financial status of the Wife's new husband. There is evidence, however, that the wife and her new husband paid for private parochial schooling for both children during their minority.

In light of the above evidence and our review of the record, we find that the trial court's determination was indeed against the manifest weight of the evidence. The Husband met his burden of proving the existence of an oral agreement between the parties by clear and unequivocal evidence. Thus, the finding of the trial court that the Husband was liable for child support arrearages was erroneous and against the manifest weight of the evidence.

### III

■ The Husband next contends that the trial court's order requiring him to contribute certain amounts towards his children's college expenses was an abuse of discretion.

The record reveals that the trial court indicated that a father must contribute towards the college expenses of his children regardless of his financial ability to do so.

The Illinois Marriage and Dissolution of Marriage Act (Act) provides that the court may, *in its discretion*, make provision for the education of children, whether of minor or majority age, out of the property and income of either or both of their parents as equity may require. This applies whether application is made before or after such

children have attained the age of majority. Ill. Rev. Stat. 1985, ch. 40, par. 513.

In making such an award, the court must consider all relevant factors which appear to be reasonable and necessary, including the financial resources of both parents at the time of the proceeding, the standard of living the child would have enjoyed had the marriage not been dissolved, and the financial resources of the child. (Ill. Rev. Stat. 1985, ch. 40, par. 513.) The expenses must be consistent with the parties' ability to pay. *In re Support of Pearson* (1986), 111 Ill. 2d 545, 490 N.E.2d 1274.

The parties' ability to pay should be evaluated with regard to the parties' resources at the time of the hearing. (111 Ill. 2d 545, 552.) Mr. Gilleran had the right to introduce evidence of his financial obligations to his new family. (*Greiman v. Friedman* (1980), 90 Ill. App. 3d 941, 949, 414 N.E.2d 77.) In the instant case, the Wife failed to provide any evidence whatsoever on her or her new husband's ability to pay or contribute towards the college expenses of the children.

The record shows that the trial judge repeatedly indicated his belief that every father *must* contribute to his children's college expenses. Thus, the trial court operated under a misapprehension of the law. The court abused its discretion by refusing to consider the financial status of both parents at the time of the hearing and the financial status of their new families and by failing to recognize that the Act provides for a discretionary determination on the issue of contribution towards college expenses.

Accordingly, in light of our determination that an agreement existed between the parties and the Husband is not liable for $23,490 in support arrearages and because the determination of the amount of contribution by parents towards their children's college expenses is discretionary and involves an evaluation of the financial needs and status of both parties, a new hearing must be held. On remand, the trial court must redetermine the relative economic needs and status of the children, the Husband and the Wife, and their new families. After hearing the evidence, the court may, in its discretion, order contribution by the Husband and/or the Wife towards the college expenses.

IV

■ Finally, the Wife seeks an award of attorney fees under section 2—611 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—611), and under the Act (Ill. Rev. Stat. 1985, ch. 40, par. 508(a)(3)).

First, the Wife seeks attorney fees under section 2—611 of the Il-

linois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—611). She contends that the Husband filed a "baseless, untimely and frivolous appeal *** brought without proper legal foundation." The Wife also asserts that while section 2—611 explicitly relates to trials, it has been held that expenses and attorney fees incurred in defending a frivolous appeal or one brought without any legal foundation may be taxed on appeal. (*Metropolitan Sanitary District v. Ingram Corp.* (1980), 85 Ill. App. 3d 859, 407 N.E.2d 627.) The Husband's appeal in this instance obviously cannot be viewed as baseless or frivolous in light of our determination that he proved the existence of an agreement by clear and unequivocal evidence and that the trial court's determination was against the manifest weight of the evidence. We therefore deny the Wife's request for fees and costs under section 2—611.

██ The Wife's request for attorney fees for the defense of this appeal was first made in this court. (Ill. Rev. Stat. 1985, ch. 40, par. 508(a)(3).) "[W]e hold that when a party desires an award of attorney fees for defense of an appeal pursuant to section 508(a)(3) of the [Marriage and Dissolution of Marriage Act] [citation], a motion for such a fee award must be made in the trial court after the conclusion of the appeal." (*In re Marriage of Legge* (1982), 111 Ill. App. 3d 198, 212, 443 N.E.2d 1089, *appeal denied* (1983), 93 Ill. 2d 542.) Accordingly, no basis exists in this case for such an award.

For the foregoing reasons the findings of the trial court are reversed and the judgment entered against the Husband for child support arrearages is vacated, and this cause is remanded for further proceedings consistent with the views expressed herein.

Reversed; vacated in part and remanded in part.

HARTMAN, P.J., and STAMOS, J., concur.