JEAN R. HEINZE, Plaintiff-Appellant, v. ROBERT W. HEINZE, Defendant-Appellee.

First District (3rd Division)   No. 78-1523

Opinion filed December 31, 1979.

Mandel, Lipton & Stevenson, Ltd., of Chicago (Richard L. Mandel and Richard A. Lifshitz, of counsel), for appellant.

Heinze, Scovell & Associates, of Palatine (Robert E. Cleveland, of counsel), for appellee.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

Plaintiff Jean R. Heinze filed a petition on September 1, 1977, for a rule against her former husband to show cause why he should not be held in contempt. Her petition alleged Mr. Heinze's failure over a period of years to make certain payments required by their divorce decree entered on June 28, 1963. Mrs. Heinze also sought a judgment in the amount of the arrearages and an order requiring her former husband to comply with a provision of the divorce decree directing him to reimburse accounts of his minor children for amounts he had withdrawn from those accounts.

Mr. Heinze moved to dismiss the petition alleging that various orders previously entered by the court relieved him of his obligations under the divorce decree entered 14 years earlier. He also alleged that his former wife was barred by laches from making any claim under the divorce decree and also that she was estopped from making her claims because she had failed to assert them for many years. Finally, he contended that Mrs. Heinze had no standing to sue for reimbursement of her children's accounts because the children were no longer minors.

The circuit court judge allowed Mr. Heinze's motion to dismiss the petition and Mrs. Heinze appeals.

Are the provisions originally incorporated in the divorce decree still in force or have they been modified or eliminated? The decree was modified several times. Each modification, however, except those relating to the amount of child support was for a specific period of time or was superseded by a subsequent modification. It serves no purpose to describe each order modifying the original decree. For the purposes of this opinion, it will be sufficient to concentrate on the significant ones.

The divorce decree required Mr. Heinze to continue to pay premiums on life insurance policies (paragraph 4); to provide Mrs. Heinze with a new automobile every other year (paragraph 5); to maintain insurance on the automobile (paragraph 6); to pay the mortgage, insurance and real estate taxes on the marital domicile (paragraph 7); to pay $25 per week child support for each of two minor children (paragraph 8); and to reimburse the children's bank accounts for monies he had borrowed from those accounts (paragraph 9).

On September 29, 1964, the court modified the decree by providing that in lieu of the payments specified in paragraphs 5, 6 and 7 and in lieu of child support in the amount of $50 per week which the decree required, the defendant was required to pay his former wife $100 per week. By order entered on April 13, 1966, the terms of the original decree were reinstated. On March 8, 1967, an agreed order was entered which (i) acknowledged that the defendant was $2,975 in arrears, (ii) suspended paragraphs 5, 6, 7 and 8 of the divorce decree for 18 months and in lieu thereof required the defendant to pay $75 per week for child support, (iii) required defendant to pay premiums on certain life insurance policies, and (iv) provided that if defendant defaulted in complying with the order, it would automatically terminate and Mrs. Heinze would then have the right to enforce the terms of the decree. The 18-month period of suspension expired on September 8, 1968.

Then on June 16, 1969, an order was entered on all pending matters which provided: Mr. Heinze was to continue to pay $100 per week for child support; he was in arrears $2,375, payment of which was stayed until further order of the court; and "all provisions of the Divorce Decree, other than child support, shall remain in force and effect."

■■ Recitation of the provisions of these orders indicates that Mr. Heinze's assertion that the provisions of paragraphs 4, 5, 6, 7 and 9 were deleted from the divorce decree by various modifying orders is not well founded. The contrary is true. This is shown by the following orders: The April 13, 1966, order reinstating the terms of the original decree; the March 8, 1967, agreed order suspending paragraphs 5, 6 and 7 for 18 months and reserving to Mrs. Heinze the right to enforce these provisions during the suspension period in the event of default by Mr. Heinze; and the June 16, 1969, order expressly acknowledging that all provisions of the divorce decree remained in force and effect. The circuit court's dismissal order cannot, therefore, be sustained on the ground that the provisions Mrs. Heinze is attempting to enforce had been eliminated from the decree.

Mr. Heinze's reliance upon laches and estoppel as a basis for his motion to dismiss is not supported by sufficient evidence to warrant dismissal.

■■ An essential element in the application of laches is that the party asserting it has been prejudiced by the delay in the enforcement of the claim. Where the situation of the parties has not changed by reason of delay to the detriment of the party against whom recovery is sought, the doctrine of laches is not applicable. *Bobin v. Tauber* (1976), 45 Ill. App. 3d 831, 837, 360 N.E.2d 368.

■■ ■ Thus, the crucial inquiry with respect to the affirmative defense of laches is whether Mr. Heinze has suffered injury or prejudice as a result

of his former wife's failure to enforce the property settlement terms of the divorce decree before 1977. Mr. Heinze has not established any facts showing any injury or prejudice to him by Mrs. Heinze's delay in seeking enforcement of her rights under their divorce decree. In fact, he may be regarded as having benefited by the delay as he has not made the payments Mrs. Heinze contends are owed. Thus, he has had the use of funds which he otherwise would not have had. Absent a showing of prejudice to Mr. Heinze, he is not entitled to assert the doctrine of laches. (*Atwater v. Atwater* (1974), 18 Ill. App. 3d 202, 209, 309 N.E.2d 632.) Moreover, laches is inappropriate where there has been no showing of a change of circumstances to the detriment of the party claiming laches. (*Gill v. Gill* (1972), 8 Ill. App. 3d 625, 627, 290 N.E.2d 897.) At this stage of this proceeding Mr. Heinze has not made such showings, and dismissal of the petition for rule to show cause on the ground of laches was not justified. While we are mindful that the doctrine of laches is invoked at the court's discretion, its application is improper on the bare allegation of laches in the motion to dismiss and before any evidence has been offered by affidavit or otherwise showing that laches is available as a defense.

■■ Mr. Heinze's defense, unsupported by evidence, that Mrs. Heinze is estopped from asserting her claim is also not a proper ground for dismissing the petition at this stage of the proceeding. To prevail on the ground of estoppel, Mr. Heinze must establish the following facts: First, that statements or conduct of Mrs. Heinze led him to do something he would not otherwise have done; second, that he relied on the statements or conduct and his reliance caused him loss or damage; third, that he had no knowledge or convenient means of learning the true facts. (*Jozwick v. Jozwick* (1979), 72 Ill. App. 3d 17, 21, 390 N.E.2d 488; *Ellingwood v. Ellingwood* (1975), 25 Ill. App. 3d 587, 591, 323 N.E.2d 471.) It is helpful to note that equitable estoppel is not brought into effect by the mere passage of time. *Jozwick*, at 22.

Mr. Heinze did not allege in his motion to dismiss, which was not supported by an affidavit setting forth factual matters, any statement or conduct by Mrs. Heinze which could have led him to believe he was not obligated to comply with the terms of the divorce decree. We find no such statement or conduct by Mrs. Heinze in the record. On the contrary, several of the orders entered over the years reacknowledged the existence of the obligations of which Mr. Heinze claims he was relieved.

Moreover, Mr. Heinze had knowledge of the true facts. All he had to do was to examine the various court orders we reviewed in the early portion of this opinion, or the petition filed by Mrs. Heinze on October 11, 1966, alleging his failure to make mortgage payments, car payments, and to pay real estate taxes and life, home and automobile insurance premiums as well as to meet child support payments. Also, as we pointed

out in discussing the defense of laches, Mr. Heinze has failed to show reliance to his detriment or prejudice on anything Mrs. Heinze did or said. *Atwater*, at 210.

For these reasons, the order dismissing Mrs. Heinze's petition must be reversed, and this matter must be remanded for further proceedings in which Mr. Heinze will of course be free to offer evidence, if he has any, in support of his laches and estoppel defenses. Additional matters to be considered by the circuit court on remand are the extent to which Mr. Heinze was relieved of his obligations under the divorce decree by the sale of the home and the lapse of various insurance policies on which he was required to pay premiums.

■■ Finally, we consider Mr. Heinze's obligation to reimburse his children's bank accounts for sums he withdrew from them. The divorce decree entered by agreement of the parties required him to do so. That provision of the decree is enforceable as part of a judgment against Mr. Heinze just as he is required to comply with other provisions of the decree. We see no reason why the fact that her now adult children rather than Mrs. Heinze are the beneficiaries of that judgment or that they perhaps might recover their money themselves by suing their father, as Mr. Heinze suggests, is any reason for excusing compliance with that provision.

Reversed and remanded for further proceedings consistent with the views expressed in this opinion.

McNAMARA and McGILLICUDDY, JJ., concur.