*In re* ESTATE OF ELMER D. BOWMAN, Deceased (Sadie Buckwalter, Petitioner-Appellant, v. Estate of Elmer D. Bowman, Respondent-Appellee).

Second District   No. 85—0222

Opinion filed February 11, 1986.

Gary C. Flanders, of Alexander & Cicero, P.C., of Rockford, for appellant.

Alex M. Abate, of Rockford, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

Petitioner, Sadie Buckwalter, appeals from the order of the circuit court of Winnebago County denying her motion for reconsideration of the court's order in which it denied petitioner's claim against the estate of decedent, Elmer Bowman. Petitioner's claim related to an arrearage of unpaid maintenance and/or child support based on a court order dating back to 1927. Petitioner was 78 years old at the time the claim was made, and the child was approximately 60 years old. The basis of the court's denial was the doctrine of *laches*.

The record indicates that petitioner and decedent were married on July 13, 1924, at which time Sadie was pregnant with Bowman's child. Sadie testified that decedent had been forced to marry her but that they never lived together as man and wife after the marriage ceremony. Subsequently, petitioner initiated several proceedings through the Carroll County State's Attorney alleging wife and child abandonment. It appears that decedent was ordered to pay $15 weekly for the support and maintenance of the child. Further affidavits of petitioner also referred to the amount as support and mainte-

nance of the child. Thereafter, in 1928, petitioner secured a divorce and, though the record presented is unclear, it appears that decedent was ordered to pay $10 weekly. The record does not indicate if this amount was for child support, maintenance or both.

Petitioner's testimony at the hearing on her claim indicates that the child, Betty Bowman, lived with her at her parent's home until petitioner remarried in 1930, two years after her divorce from decedent. Although petitioner and her new husband moved to their own home, the child continued to reside with the grandparents and was supported by them.

Petitioner also testified that decedent and petitioner's second husband, Mr. Buckwalter, had been friends and neighbors before her marriage to Buckwalter. She stated that decedent had been at her house to see her husband in 1977 or 1978, but that she had not seen decedent between the time of their marriage and the 1977 visit referred to above. She further testified that she did not know decedent's whereabouts during that period and that she did not have the money to initiate further legal proceedings to obtain support.

Petitioner argues on appeal that the defense of *laches* does not apply to an arrearage of support payments. To be noted initially is that the court made no finding as to whether the payments constituted maintenance, child support or both, and we are not able to conclusively determine their nature from the record presented.

■ In *Finley v. Finley* (1980), 81 Ill. 2d 317, the Illinois Supreme Court rejected the *laches* defense in a suit to recover unpaid support payments. We construe *Finley* to mean that defendant had failed to establish the necessary elements of *laches* so as to bar recovery, not that the defense itself could not be raised. (See also *Heinze v. Heinze* (1979), 79 Ill. App. 3d 1121, 398 N.E.2d 1187; *Atwater v. Atwater* (1974), 18 Ill. App. 3d 202, 309 N.E.2d 632; *Gill v. Gill* (1972), 8 Ill. App. 3d 625, 290 N.E.2d 897.) *Laches* has been defined as such neglect or omission to assert a right, taken in conjunction with a lapse of time and other circumstances causing prejudice to an adverse party, as will operate to bar a suit. (*People ex rel. Cronin v. Cahill* (1969), 118 Ill. App. 2d 18, 254 N.E.2d 161.) Application of the doctrine of *laches* depends on the circumstances of each particular case. (*Pyle v. Ferrell* (1958), 12 Ill. 2d 547.) To bar a suit on the grounds of *laches* the following facts must be disclosed:

> "(1) Conduct on the part of the defendant giving rise to the situation of which complaint is made and for which the complainant seeks a remedy; (2) delay in asserting the complainant's rights, the complainant having had notice or knowledge

of defendant's conduct and the opportunity to institute a suit; (3) lack of knowledge or notice on the part of the defendant that the complainant would assert the right on which he bases his suit, and (4) injury or prejudice to the defendant in the event relief is accorded to the complainant or the suit is held not to be barred." 12 Ill. 2d 547, 553.

Petitioner correctly states in the present case that the majority of Illinois courts have rejected the *laches* defense in support arrearage cases because in such cases the court found generally that the defendants would not suffer injury or prejudice as a result of the delay. It is only when, considering all the circumstances, it would be inequitable and unjust because of the delay to grant relief to which the complainant would otherwise be entitled that the doctrine will be applied. *Kaifer v. Kaifer* (1936), 286 Ill. App. 433, 3 N.E.2d 886.

It is our opinion that the circumstances of the present case warranted application of the doctrine of *laches*. First, petitioner waited well over 50 years to assert her claim. Second, although she states that she did not know decedent's whereabouts during that period and was financially unable to institute legal proceedings, the record indicates that decedent lived in a neighboring county for 38 years prior to his death. Furthermore, decedent visited petitioner's husband at their home in 1977 or 1978. Third, decedent had no knowledge or notice that petitioner would assert her claim, since she had neglected to do so for the long period of time involved. And, although petitioner contends that respondent would suffer no injury or prejudice in the event relief is afforded, we find that respondent would be prejudiced by decedent's inability to assert what might have been a valid legal defense now that he is deceased. As stated above, it is not known how much of the amount decedent was to have paid petitioner was for child support. The decedent's estate would have no knowledge of facts and circumstances which might have affected decedent's legal obligation. Consequently, we do not find petitioner's argument, that the present case involves merely enforcement of a claim which would have been enforced had it been earlier asserted, as meritorious.

Whether a party has been guilty of *laches* is a question addressed to the sound discretion of the trial court. The decision of the trial court will not be disturbed upon review unless the determination of the court is so clearly wrong as to constitute an abuse of discretion. (*Gill v. Gill* (1972), 8 Ill. App. 3d 625, 290 N.E.2d 897; *Johnson v. Central Standard Life Insurance Co.* (1968), 102 Ill. App. 2d 15, 243 N.E.2d 376.) We do not consider the trial court's order

barring petitioner's claim based on the doctrine of *laches* to be an abuse of discretion.

The judgment of the circuit court of Winebago County is affirmed.

Affirmed.

SCHNAKE and STROUSE, JJ., concur.