*In re* ESTATE OF VERNON O. COMISKEY (M. Marie Comiskey, Claimant-Appellant, v. Estate of Vernon O. Comiskey, Defendant-Appellee).

First District (2nd Division)   No. 85—1949

Opinion filed August 5, 1986.—Rehearing denied September 2, 1986.

Thomas J. Karacic and Eugene J. Filice, both of Katz, Karacic & Helmin, of Chicago, for appellant.

Robert F. Lisco, of Lisco & Field, of Chicago (Sidney Z. Karasik, of counsel), for appellee.

PRESIDING JUSTICE BILANDIC delivered the opinion of the court:

Appellant, M. Marie Comiskey, and decedent, Vernon O. Comiskey, were divorced in 1970. The decree provided for alimony for Marie and child support for their minor daughter, Deborah. Various post-decree actions for alleged arrearage in alimony and child support were litigated in the trial and appellate courts. Although the mandate from the appellate court issued on April 17, 1977, Marie did not continue to prosecute her claim against Vernon for approximately five years, when she filed a claim against his estate. It is that claim which is at issue in this appeal.

In the underlying litigation, *Comiskey v. Comiskey* (1977), 48 Ill. App. 3d 17, 366 N.E.2d 87, *appeal denied* (1977), 66 Ill. 2d 629, the trial court held a hearing on Marie's petition for the entry of a rule to show cause why Vernon should not be held in contempt of court for nonpayment of child support and alimony. On July 31, 1975, as a result of those proceedings, the trial court entered a modification of the decree for divorce which found that Vernon was in arrears in the sum of $10,179.86 and ordered payments of $500 per month on this arrearage in addition to his regular $300-per-month alimony payments. The court did not find Vernon guilty of contempt. Custody of Deborah was awarded to Vernon. Marie appealed. The appellate court reversed by returning Deborah to the custody of Marie and holding that Vernon's "failure to comply with the judgment order constituted a contempt of court." (48 Ill. App. 3d 17, 25, 366 N.E.2d 87.) The court did not disturb the amount of the arrearage but remanded the cause to the trial court to determine what portion constituted child support and what portion constituted alimony. The court also held that it does not follow that punishment must be imposed upon Vernon for this contempt because the best interests of all would be served by determining the exact arrearage of alimony and child support and working out a reasonable program for liquidation of the amounts due. "If this payment is thus accomplished, it would follow that defendant has purged himself from guilt of contemptuous conduct." 48 Ill. App. 3d 17, 25, 366 N.E.2d 87.

Vernon O. Comiskey died on December 22, 1981. On January 25, 1982, decedent's will was admitted to probate and letters testamentary issued to Joan C. Comiskey, decedent's present wife. A guardian *ad litem* was appointed for Deborah, the minor daughter of the decedent from his marriage with Marie.

On July 22, 1982, Marie filed a claim against the estate, which sought to recover $18,609.18, based upon the unpaid arrearage of alimony and child support, plus interest at the rate of 9% per annum. Defendant filed an answer and affirmative defense, essentially denying the claims and asserting the defense of *laches*.

Neither party pursued this claim in the probate division until April 17, 1985, when defendant moved to dismiss the claim for want of prosecution. Plaintiff moved to transfer the claim to the domestic relations division for hearing. The motion was denied and the claim proceeded to hearing before the probate division. After hearing, the claim was dismissed with prejudice on the basis of *laches*. Reconsideration was denied on June 5, 1985, and this timely appeal followed.

The issue to be determined on this appeal is whether the claim of

M. Marie Comiskey was properly dismissed on the theory of *laches*, in spite of the fact that the claim was timely filed in the probate division and well within the applicable 20-year statute of limitations.

## I

■ The claim filed by Marie against the estate asserts rights on her own and on behalf of Deborah, the minor child of the decedent and Marie. To the extent that the defense of *laches* is asserted against the minor, it must fail. It was the duty of the trial court to protect the interests of the minor against the defense of *laches*. "We should be loth to admit that the power of the court is inadequate to protect the rights of the infant \*\*\*. The court must do for the infant, all that an adult can do for himself, without imputing to him neglect for not having acted when he was incapable of acting." (*Smith v. Sackett* (1849), 10 Ill. 534, 548.) *Wilson v. Augur* (1898), 176 Ill. 561, 571, held: "*Laches* could not be imputed to complainant during his minority." Therefore, the defense of *laches* was erroneously applied to the portion of Marie's claim asserted on behalf of the minor.

## II

Defendant does not dispute the fact that Marie's claim was filed within the applicable 20-year statute of limitations. (*Carpenter v. Metropolitan Trust Co.* (1945), 327 Ill. App. 220, 63 N.E.2d 658), and within six months after letters testamentary issued (Ill. Rev. Stat. 1983, ch. 110, par. 13—209). The relevant period for determining the application of *laches* is from April 17, 1977, when the mandate issued from the appellate court in *Comiskey v. Comiskey* (1977), 48 Ill. App. 3d 17, 366 N.E.2d 87, *appeal denied* (1977), 66 Ill. 2d 629, until July 22, 1982, when the claim was filed in the decedent's estate.

■ The defendant contends that a second period be considered for the application of *laches*. That period would commence on July 22, 1982, when the claim was filed, until April 17, 1985, when the defendant moved to dismiss the claim in the probate division. We disagree. Having filed an answer and affirmative defense to the claim, the estate had an equal responsibility to set the claim for hearing. (See, *e.g., Martin Brothers Implement Co. v. Diepholz* (1982), 109 Ill. App. 3d 283, 288, 440 N.E.2d 320, *appeal denied* (1982), 92 Ill. 2d 568.) Moreover, *laches* is not applicable to this period because the estate did not show any prejudice resulting from the alleged delay. See, *e.g., Miller v. Bloomberg* (1984), 126 Ill. App. 3d 332, 336, 466 N.E.2d 1342, *appeal denied* (1984), 101 Ill. 2d 583.

## III

Section 2—613(d) of the Code of Civil Procedure includes *laches* as an affirmative defense which "must be plainly set forth in the answer or reply." (Ill. Rev. Stat. 1985, ch. 110, par. 2—613(d).) The estate's answer to Marie's claim asserted that the claim is barred "by the equitable doctrine of laches. That no action was taken by the Claimant herein from *** September of 1975 to date." The affirmative defense is not supported by any affidavits, depositions or other documents. There is no allegation of any prejudice to the estate due to Marie's delay in asserting her claim.

■■ The burden of proving an affirmative defense is upon the party asserting it. (*Baylor v. Thiess* (1971), 2 Ill. App. 3d 582, 584, 277 N.E.2d 154.) The burden is not on the plaintiff as a matter of negative proof but on the defendant as affirmative proof. *Harwood v. Atilla* (1964), 44 Ill. App. 2d 280, 194 N.E.2d 280.

In *Heinze v. Heinze* (1979), 79 Ill. App. 3d 1121, 398 N.E.2d 1187, the parties were divorced in 1963. In 1977, the ex-wife brought an action to enforce certain payments due by the husband pursuant to the divorce decree. Mr. Heinze filed a motion to dismiss alleging several grounds, including an assertion that his ex-wife should be barred by *laches* from making such a claim. The court held that the motion to dismiss filed by Mr. Heinze was not supported by sufficient evidence to warrant dismissal on the grounds of *laches*:

> "Mr. Heinze has not established any facts showing any injury or prejudice to him by Mrs. Heinze's delay in seeking enforcement of her rights under their divorce decree ***. While we are mindful that the doctrine of laches is invoked at the court's discretion, its application is improper on the bare allegation of laches in the motion to dismiss and before any evidence has been offered by affidavit or otherwise showing that laches is available as a defense." 79 Ill. App. 3d 1121, 1124, 398 N.E.2d 1187.

In the case at bar, during the hearing on May 29, 1975, addressing counsel for the estate, the trial judge said: "I think if you show me where you have been prejudiced, that is the biggest issue." Counsel responded: "It is our position Judge, that the death of the decedent was of such a prejudicial nature that it deprived the estate of the only evidence we have concerning any alleged arrearage."

We must therefore determine whether the death of Vernon constitutes sufficient prejudice to the estate in defending against the claim.

According to the estate, decedent's personal knowledge and testimony are indispensible in determining the amount, if any, due plaintiff

in light of the fact that the *Comiskey* court had remanded the issue of arrearages.

The mandate of the *Comiskey* court issued not because there was an unresolved dispute as to the arrearages owed by decedent, but because the trial court had improperly combined both child-support and alimony arrearages under "alimony" in order to give decedent favorable tax consequences. The court did not reverse the trial court's determination of the amount owed by decedent. It held he was guilty of contempt for failure to make timely payments and remanded so that the trial court could properly allocate the award between child-support and alimony arrearages.

The court also directed the trial court to determine what sums, if any, decedent had paid to plaintiff during pendency of the appeal. The estate argues that without the benefit of decedent's personal knowledge or testimony, it is impossible to determine what sums, if any, he paid to plaintiff during pendency of the appeal or thereafter to reduce the amount owed. Thus, the estate argues that decedent's death has resulted in prejudice and *laches* should apply.

The adversary nature of contested matrimonial matters causes all reasonable persons to preserve evidence of compliance with payment orders. In this case, the July 31, 1975, order provided that payments "shall be taxable to [Marie] and deductible to [Vernon] for state and federal income tax purposes." Thus, the additional incentive of an income tax deduction would cause decedent to preserve cancelled checks, receipts or other evidence. The usual defense to a claim for past-due alimony or child support would be a modification of the court order or payment. Court orders are public records and do not require a living party for their introduction in evidence. On the other hand, payment is an affirmative defense (Ill. Rev. Stat. 1985, ch. 110, par. 2—613(d)), which must be pleaded and proved by the party asserting it. There was no evidence that proof of payment could not be made because of Vernon's death.

The record does not reveal that the decedent's records were lost or destroyed through no fault on his part. There is no showing that an unsuccessful attempt was made to discover records from the claimant, financial institutions, or other third parties.

■ We find that decedent's death has resulted in no prejudice to the estate in defending against the claim. It is inconceivable that the decedent did not maintain records, in the form of tax returns, cancelled checks or other identifiable documents, of any payments which decedent had made to plaintiff to reduce the amount owed. Although the estate may be somewhat inconvenienced in defending against the

claim, decedent himself would have been similarly inconvenienced. Additionally, the estate may obtain any records relating to payments made by decedent to plaintiff during the relevant period through discovery. Thus, we find that decedent's death, standing alone, is insufficient to invoke application of *laches*. The record does not disclose any prejudice resulting to the estate in requiring it to defend against the instant claim.

Mere passage of time, standing alone, will not warrant the application of *laches*. (See, *e.g., Heinze v. Heinze* (1979), 79 Ill. App. 3d 1121, 1123, 398 N.E.2d 1187.) The defendant is also required to show that he has been prejudiced as a result of plaintiff's delay. *Klingel v. Kehrer* (1980), 81 Ill. App. 3d 431, 440, 401 N.E.2d 560.

*Laches* is an equitable doctrine to be invoked or rejected in the sound discretion of the trial court. (*Miller v. Bloomberg* (1984), 126 Ill. App. 3d 332, 339, 466 N.E.2d 1342, *appeal denied* (1984), 101 Ill. 2d 583.) Our study of the record and briefs of counsel impel us to the conclusion that the estate did not meet its burden in demonstrating prejudice resulting from plaintiff's delay. Therefore, the trial court abused its discretion by dismissing the claim on the basis of the doctrine of *laches*.

Accordingly, the order of the circuit court of Cook County is reversed and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

STAMOS and HARTMAN, JJ., concur.