*In re* ESTATE OF ANTHONY J. IERULLI, Deceased (Lydia Ierulli, Ex'x, Defendant-Appellant, v. Elaine Rosier, Claimant-Appellee).

Third District   No. 3—88—0033

Opinion filed September 7, 1988.

Nile J. Williamson, of Peoria (Nile S. Williamson, of counsel), for appellant.

Kevin Tilton, of Bartonville (Marcia F. Straub, of counsel), for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This is an action against an estate for unpaid child support and statutory interest. Anthony J. and Elaine J. Ierulli (now Elaine J. Rosier) were divorced in Peoria County on March 12, 1965. As it pertains to child support, the divorce decree provides that Anthony J. Ierulli pay, in addition to necessary dental, medical and educational expenses for his four children, $100 per week for child support until January 1, 1966, at which time the amount increased to $125 per week.

Anthony J. Ierulli died in September of 1985, and his estate was opened. Elaine J. Rosier (Rosier) filed claims against the estate and sought partial summary judgment on her claim for unpaid child support plus statutory interest. With her motion Rosier filed an uncontroverted affidavit stating that while $66,950 in child support was due for the period between 1970 and 1981, she received only $51,048.96, leaving a $15,901.04 deficiency. To establish the amount owed, Rosier attached to her affidavit a January 22, 1970, order of the circuit court of Peoria County, requiring Anthony J. Ierulli to pay $125 per week child support (reduced to $25 per week when the children visited him at his expense) to the clerk of the circuit court of Peoria County. To establish the amount actually paid, Rosier attached to her affidavit a certified copy of the receipt of child support payments which were paid to the clerk of the circuit court of Peoria County, which shows the amounts received to be $51,048.96.

The estate raised the equitable defenses of *laches* and estoppel. Rejecting the estate's defenses, the trial court granted Rosier's motion, awarding her $15,901.04 for the child support arrearage plus $12,250.87 interest. The trial court denied the estate's motion for reconsideration. The estate appeals.

The first issue we address is whether the trial court should have found Rosier's claim for unpaid child support subject to the estate's defense of *laches*. Whether a party is subject to the *laches* defense is a question to be resolved by the trial court. (*Finley v. Finley* (1980), 81 Ill. 2d 317, 330, 410 N.E.2d 12, 18.) The trial court's determination will not be reversed unless it is so clearly wrong as to constitute an abuse of discretion. (81 Ill. 2d at 330, 410 N.E.2d at 18; *Atwater v. Atwater* (1974), 18 Ill. App. 3d 202, 210, 309 N.E.2d 632, 639.) A trial court abuses its discretion when, in view of all the circumstances, its decision exceeds the bounds of reason and ignores recognized principles of law such that substantial injustice resulted. (*In re Marriage of Lee* (1979), 78 Ill. App. 3d 1123, 1127, 398 N.E.2d

126, 129.) On this issue, then, we would reverse only if the trial court exceeded the bounds of reason and ignored recognized principles of law resulting in substantial injustice to the estate in finding the *laches* defense unavailable. Our review shows the trial court's decision to be correct.

■ The equitable defense of *laches* is available where, considering all the circumstances, a defendant shows that it would be prejudiced by an award of relief to the plaintiff considering the plaintiff's failure to assert its right over a period of time. (*Gill v. Gill* (1973), 56 Ill. 2d 139, 144-45, 306 N.E.2d 281, 284.) Mere passage of time, standing alone, will not warrant the application of *laches*. (*In re Estate of Comiskey* (1986), 146 Ill. App. 3d 804, 810, 497 N.E.2d 342, 345.) The party asserting the *laches* defense must establish facts showing that it will suffer prejudice or injury. (146 Ill. App. 3d at 810, 497 N.E.2d at 345.) An estate's bald assertion that the decedent's death prevents it from proving its defense will not suffice to establish prejudice or injury. (146 Ill. App. 3d at 809-10, 497 N.E.2d at 345.) If the estate suffers inconvenience in producing evidence in the form of cancelled checks, tax returns, or other identifiable documents, doubtless, the decedent would likewise have difficulty in establishing his defense. 146 Ill. App. 3d at 809-10, 497 N.E.2d at 345.

■ In this case the estate argues solely that the decedent's death substantially precluded presentation of its defense. The defense produced no affidavits, depositions or other evidence to show that the decedent's records are unavailable or that they were even sought. Under these circumstances, we are reluctant to conclude that the trial court abused its discretion in finding the *laches* defense unavailable to the estate. Accordingly, we hold that the trial court was correct in refusing *laches* as a defense to Rosier's claim for unpaid child support.

■ The next issue we address is whether the trial court should have found that Rosier was otherwise estopped from bringing her claim for child support. To prevail on a claim of estoppel, the party raising the defense must show that, having no access to the true facts, it relied on statements or conduct of the plaintiff to its detriment. (*Heinze v. Heinze* (1979), 79 Ill. App. 3d 1121, 1124, 398 N.E.2d 1187, 1190.) Here, as in the asserted defense above, there is no evidence sufficient to support the defense of estoppel. Specifically, the estate has offered nothing to show detrimental reliance. Accordingly, we hold that the trial court was correct in refusing estoppel as a defense to Rosier's claim for unpaid child support.

■ The estate also argues that the trial court should have ac-

cepted its "equitable distribution" plan, which is its own method for reducing the amount of child support based upon each child's having attained the age of majority. The estate notes, somewhat ironically considering the defenses it pleaded, that the decedent could have done this while alive but did not. This court has held that past-due installments of child support are a vested right and are not subject to modification either as to amount or time of payment. (*Baldwin v. Baldwin* (1974), 21 Ill. App. 3d 380, 382, 315 N.E.2d 649, 651.) The estate is correct that the decedent might have modified the support payments while he was alive. The fact is, however, that he did not. In the absence of a properly filed petition to modify, we will not provide for the retroactive reduction in child support payments. (See *In re Marriage of Rosenbaum* (1980), 85 Ill. App. 3d 931, 934, 407 N.E.2d 711, 713.) The trial court was correct, therefore, in rejecting the estate's "equitable distribution" plan.

■ Finally, we address the issue of whether the trial court erred in awarding Rosier statutory interest on the unpaid child support claim. The supreme court of Illinois has held that the allowance or disallowance of interest on a judgment for unpaid child support lies within the sound discretion of the trial court, whose determination will not be set aside absent an abuse of discretion. (*Finley*, 81 Ill. 2d at 332, 410 N.E.2d at 19.) We think that, under the circumstances of this case, the trial court did abuse its discretion in awarding Rosier interest on her judgment for unpaid child support.

Rosier relies almost exclusively on the *Finley* case in support of her argument to uphold the trial court's award of interest. In *Finley* a woman filed suit against her former husband for unpaid child support, and he raised the *laches* defense. The former husband was paying child support, but he had been unilaterally reducing the amount of the payments due as each child either turned 18, got married or joined the army. One child remained unemancipated at the time the wife filed suit. The wife had sought legal advice from various attorneys as to whether her former husband was within his rights in reducing the child support, but she was led to believe that she could do nothing. She also testified that she had confronted her former husband about his actions.

Here, however, Rosier has filed suit not against her husband but against his estate. She commenced this action five years after the last of their children turned 18 years old. There is no evidence that she sought legal assistance with respect to her husband's failure to pay the required child support. While they may not be sufficient to bind her with *laches*, we think that these facts are sufficient to prevent an

award of interest. Accordingly, we reverse that portion of the trial court's judgment awarding Rosier interest on her judgment for unpaid child support.

The decision of the Circuit Court of the Tenth Judicial Circuit, Peoria County, awarding Elaine Rosier a judgment of $15,901.04 is, therefore, affirmed, and its decision awarding her interest on the judgment is, therefore, reversed.

Affirmed in part and reversed in part.

SCOTT and WOMBACHER, JJ., concur.