[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Derrick Dumas appeals from the jury's verdict of guilty for possession of cocaine, in violation of R.C. 2925.11(A), and the sentence of six months confinement, three years of community control, and a three-year license suspension. In his two assignments of error, he contends that the police violated his Fourth Amendment rights in seizing him and that the conviction is against the manifest weight of the evidence. Neither assignment of error is well taken.
The state offered evidence that Cincinnati police officer Gibson on routine patrol at 1:00 a.m. saw two occupants parked in an automobile with Kentucky license plates in an area with a reputation for a high incidence of arrests for auto theft and drug trafficking. When Dumas saw the cruiser, he ducked his head down under the front passenger seat while the driver also made furtive gestures. Officer Gibson stopped and turned his spotlight on the automobile in which Dumas was seated. He then walked to the passenger side and shined his flashlight into the automobile. When Dumas and the driver continued moving and turning away, Officer Gibson opened the door and asked Dumas to step out. Dumas made a sudden gesture as if reaching for something causing Officer Gibson to believe Dumas had a weapon. He grabbed Dumas' hands, and as he placed them behind Dumas' back to handcuff him, Dumas spit a baggy of crack on the ground. After receiving a Miranda warning, Dumas told Officer Gibson that he obtained the crack cocaine from a person named Tony and was in the process of selling it to the driver for thirty dollars. Search of the automobile revealed thirty dollars in cash under the front seat. At trial Dumas testified in his own defense and claimed that Officer Gibson's testimony was a fabrication.
Dumas first argues that the trial court erroneously overruled his motion to suppress the seizure of the cocaine because police officers did not have reasonable, articulable suspicion of criminal activity when they detained him without a warrant. For purposes of an investigative stop, requiring a driver or passenger to exit an automobile is a de minimis
intrusion, justified in the interest of the officer's safety. SeePennsylvania v. Mimms (1977), 434 U.S. 106, 110, 98 S.Ct. 330, 333. Under the authority of State v. Bobo (1988), 37 Ohio St.3d 177, 489 N.E.2d 489, we find, that based upon the totality of the circumstances, the investigative stop of Dumas was reasonable, and the police officer was authorized to initiate a protective search for the safety of himself and others. The first assignment of error is overruled.
Our review of the record further fails to persuade us that the jury, acting as the trier of fact and resolving the various factual disputes in the testimony, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See Tibbs v. Florida (1982), 457 U.S. 31, 102 S.Ct. 2211; see, also, State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541,546-547. The weight to be given the evidence and the credibility of the witnesses were primarily for the trier of fact to determine. See Statev. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The second assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Doan and Sundermann, JJ.